Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Airlines, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON MILLER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, Inc., an Illinois Corporation, DALE BORDELEON an individual; and DOES 1 through 50 Inclusive,<br><br>Defendant. | **CASE NO**.:  2:20-cv-4910<br><br>**DEFENDANT UNITED AIRLINES INC.'S NOTICE OF REMOVAL**<br><br>Los Angeles County Superior Court Case No.: 20STCV10551<br><br>Compl. Filed:     March 16, 2020<br>FAC Filed:        March 24, 2020 |

**PLEASE TAKE NOTICE** that Defendant United Airlines, Inc. ("United"), removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity under 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Jon Miller ("Plaintiff") and filed with the Clerk of the California Superior Court for the County of Los Angeles, as an exhibit to a Notice to State Court of Removal to Federal Court.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.   Plaintiff initially filed this action against United and individual Defendant Dale Bordelon (erroneously named "Dale Bordeleon") on March 16, 2020, in the Superior Court for the County of Los Angeles, in a case entitled, *Miller v. United Airlines, Inc. et al.*, Case No. 20STCV10551. United was not served with a copy of the original Summons and Complaint. *See* Declaration of Michele Haydel Gehrke ("Gehrke Declaration") at ¶ 2. Plaintiff subsequently filed a First Amended Complaint on April 1, 2020 (the "State Court Action").

2.   In the State Court Action, Plaintiff's First Amended Complaint alleges thirteen (13) state law claims: (1) hostile work environment-race, gender/sex; (2) discrimination based on sex/gender, race and disability; (3) failure to reasonably accommodate; (4) failure to engage in interactive process, (5) sexual battery and battery; (6) assault; (7) retaliation; (8) failure to take all reasons steps to prevent discrimination; (9) violation of California Family Rights Act; (10) violation of Labor Code Sections 98.6 and 1102.5; (11) violation of Civil Code Section 43; (12) violation of Civil Code Section 52.; and (13) violation of Civil Code Section 51.7. *See generally* First Amended Complaint ("FAC").

3.   On May 4, 2020, the First Amended Complaint was served on United.

Gehrke Declaration at ¶ 3.

4. On June 2, 2020, United timely removed the State Court Action to this Court. *Id.* at ¶4. Before this removal, United filed an answer to the First Amended Complaint in state court. *Id.*

5. Copies of the First Amended Complaint, Summons, ADR Package and United's Answer in the State Court Action are attached to the Gehrke Declaration as **Exhibit A**, and constitute all process, pleadings, and orders purported to be served upon United in this action or filed by United in this action. *Id.* at ¶ 5.

## NO JOINDER NECESSARY

6. Upon information and belief, as of the date of this filing, co-defendant Dale Bordelon has not been served in the State Court Action and upon further information and belief, co-defendant Dale Bordelon would likely consent to this removal. Gehrke Declaration at ¶ 6. Because there are no other ascertainable defendants in this action, no consent to removal is necessary.

## BASES FOR REMOVAL

7. This Court has original jurisdiction under 28 U.S.C. § 1332 and United may remove the State Court Action from state court to federal court pursuant to 28 U.S.C. § 1441 because it involves a controversy that exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000) between citizens of different states.

## DIVERSITY JURISDICTION

**Plaintiff's Citizenship**

8. Plaintiff alleges she is resident of California. FAC ¶ 9. A natural person's citizenship is determined by their state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, Plaintiff is domiciled in California.

**United's Citizenship**

9. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business." United is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois under the "nerve center" test. Declaration of Dorota Karpierz at ¶¶ 2-3; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

**Individual Defendant Dale Bordelon's Citizenship**

10. Plaintiff alleges individual Defendant Dale Bordelon is a resident of Texas or Louisiana. *See* FAC ¶ 2. Upon information and belief, individual Defendant Dale Bordelon is a resident of Texas. Declaration of Dorota Karpierz at ¶ 4. A natural person's citizenship is determined by their state of domicile. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Therefore, Mr. Bordelon is domiciled in Texas.

**The Parties are Diverse**

11. As set forth above, complete diversity of citizenship exists here because the parties, Plaintiff, United and individually named Defendant Dale Bordelon are citizens of different states. Additionally, the FAC does not set forth the identity or status of any said fictitious defendants, nor any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is disregarded for diversity jurisdiction, and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a).

**Amount in Controversy Exceeds $75,000**

12. The First Amended Complaint seeks, amongst other relief, compensatory damages, general damages, economic damages, punitive damages, civil penalties, and interest on Plaintiff's alleged damages, and costs and attorneys' fees. *See* FAC at pp. 38-39. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submission." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). When courts "assess the amount in controversy [they] … include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift*

*Trans. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The Court must also presume Plaintiff will prevail on each and every one of her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 993, 1001 (C.D. Cal. 2002). Moreover, United only needs to show by a preponderance of the evidence that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996). Here, the Court can reasonably ascertain from Plaintiff's Complaint and her prayer for relief that the amount in controversy exceeds $75,000.

13.   <u>Past Earnings</u>: Plaintiff, a flight attendant, is currently employed with United. *See* Karpierz Declaration ¶ 5. Plaintiff alleges she was on a medical leave of absence due to an industrial injury since September 23, 2018. *See* FAC ¶¶ 64, 74, 138. She further alleges that since July 26, 2019, she has been allowed to work with restrictions, but has not due to United allegedly not accommodating her purported disability. *See* FAC ¶¶ 36-39, 64, 74, 138. Plaintiff specifically seeks "loss of earnings, including commissions and bonuses, and back pay." *See* FAC p. 38. In 2017, when Plaintiff worked all year, she earned $33,571.86 in reportable W-2 wages. *See* Karpierz Declaration at ¶ 6. In 2018, when Plaintiff worked through the majority of the year, Plaintiff earned $32,166.33 in W-2 reportable wages. *Id.* Plaintiff's 2019 W-2 reportable wages, the year she was on medical leave, were $4,794.77. *Id.* Had Plaintiff returned to work around July 2019, United estimates she would have earned at least a comparable amount in 2019 (prorated) that she earned in 2017 and 2018, not accounting for regular pay increases Plaintiff may have been scheduled to receive in accordance with her collective bargaining agreement. *See* Karpierz Declaration at ¶ 7. Assuming Plaintiff's estimated monthly income was approximately $2,797.66 (2017 W2 wages of $33,571.86/12 months), Plaintiff's alleged lost wage earnings from July 26, 2019 through May 31, 2020 (10 months) would be $27,976.60. Additionally, Plaintiff alleges she is owed $1,400 for missing two flights in 2018. *See* FAC ¶ 31. Thus, Plaintiff's

purported past economic damages to date are at least **$29,376.60**. Plaintiff also received dental insurance, medical insurance, a 401(k) plan, profit sharing, vacation days and other benefits not included in this figure. *See* Karpierz Declaration at ¶ 8.

14. <u>Statutory Penalties</u>. Plaintiff also seeks "[c]ivil penalties as authorized by statutes." *See* FAC at p. 39. "[C]ourts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205-1206 (E.D. Cal. 2008). Plaintiff's claim under the California Ralph Civil Rights Act of 1976 (Civil Code section 51.7) entitles the aggrieved prevailing person a penalty of **$25,000**. Plaintiff's claim for retaliation under California Labor Code section 1102.5(f)) also imposes a civil penalty of **$10,000** for each violation. Plaintiff's retaliation claim is also premised upon Labor Code section 98.6, which also, separately provides for a **$10,000** civil penalty for each violation. *See generally* FAC ¶ ¶ 133-44, 1663-171.

15. <u>Attorneys' Fees</u>. Plaintiff further seeks an award of attorneys' fees. *See* FAC. at p. 39. It is well settled in the Ninth Circuit that where attorneys' fees are authorized by statute, they are appropriately part of the calculation of the amount of controversy. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The prevailing plaintiff under a Fair Employment Housing Act (FEHA) claim is entitled to attorney fees as a matter of right. *Simmons*, 209 F. Supp 1029, 1034. "Such fees necessarily accrue until the action is resolved." *Id.* Attorney fee awards for FEHA cases in California can be substantial. *See e.g. Wysinger v. Automobile Club*, 157 Cal.App.4th 413, 430-432 (2007) (affirming $980,000 attorneys' fees award in FEHA discrimination action). Therefore, statutory attorney fee awards should be considered for the amount in controversy.

16. <u>Punitive and Emotional Distress Damages.</u> Plaintiff seeks punitive damages and "general damages (pain, suffering, emotional distress and other non-

economic damages).” *See* FAC. at p. 39. "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). "Punitive damages are available under FEHA." *Simmons*, 209 F. Supp. 2d 1029 at 1033. Punitive damages in discrimination cases may be "substantial." *Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, *7 (C.D. Cal. Oct. 10, 2013). Moreover, emotional distress damages are considered for the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("district court properly considered . . . emotional distress damage awards in similar age discrimination cases . . ."). Emotional distress damages in California discrimination cases can also be sizeable. *See Ramirez*, 2018 WL 5816107, *11 ("emotional distress damages ranged from $500,000 to $2.5 million"). United denies that punitive and emotional distress damages should be awarded here; however, for purposes of the amount in controversy requirement, these claimed damages should be considered and in of itself exceeds the amount of controversy requirement.

17. While United denies any liability in connection with Plaintiff's claims, because diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a).

**VENUE**

18. The State Court Action is being removed from the Superior Court of the State of California, County of Los Angeles. *See generally* FAC. As such, venue lies in the Central District of this Court pursuant to 28 U.S.C. §§1441 and 1446(a).

**TIMELINESS OF REMOVAL**

19. This Notice of Removal is timely because United has removed within 30 days of service. 28 U.S.C. § 1446(b).

DEFENDANT UNITED AIRLINES, INC'S NOTICE OF REMOVAL

## **CONCLUSION**

WHEREFORE, United gives notice that the State Court Action pending against it in the Superior Court of the State of California for the County of Los Angeles is removed to this Court.

DATED: June 2, 2020

                                   REED SMITH LLP

                                   By: /s/ Michele Haydel Gehrke
                                         Michele Haydel Gehrke
                                         Mona A. Razani
                                         Attorneys for Defendant
                                         United Airlines, Inc