# EXHIBIT A

EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
05/04/2020
CT Log Number 537623087

TO: MARIA BUSTAMANTE, Paralegal-Litigation
UNITED AIRLINES, INC.
609 MAIN STREET, 16TH FLOOR/HSCPZ
HOUSTON, TX 77002-3167

RE: **Process Served in California**

FOR: United Airlines, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JON MILLER, ETC., PLTF. vs. UNITED AIRLINES, Inc., ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV10551 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2020 at 13:27 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/04/2020, Expected Purge Date: 05/09/2020 |
| | Image SOP |
| | Email Notification,  Tom Campuzano  thomas.d.campuzano@united.com |
| | Email Notification,  MARIA BUSTAMANTE  maria.bustamante@united.com |
| | Email Notification,  Paula Hernandez  paula.hernandez01@united.com |
| | Email Notification,  JAVARIA NEAGLE  javaria.neagle@united.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-331-2303<br>CentralTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

:ctronically FILED by Superior Court of California, County of Los Angeles on 03/17/2020 02:51 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Case 2:20-cv-04910-VAP-AS   Document 1   Filed 06/02/20   Page 3 of 61   Page ID #:13

5/4/20 @ 12:50

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED AIRLINES, Inc., an Illinois Corporation, DALE
BORDELLE, an individual; and DOES 1 through 50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jon Miller, an individual, on behalf of herself and all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>20STCV10551 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Twila S. White, L/O of Twila S. White, 6033 West Century Boulevard, Suite 810, Los Angeles, CA 90054

| DATE: 03/17/2020<br>*(Fecha)* Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* S. Bolden | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* United Airlines , Inc , an Illinois Corporation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Barton _____ Deputy |

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Jon Miller, , an individual, on behalf of herself and all others similar

DEFENDANT:
UNITED AIRLINES,Inc , an Illinois Corporation et al

| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>20STCV10551 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 08/26/2020 | Time: 8:30 AM | Dept.: 71 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 03/24/2020 _____                                   _____ Monica Bachner / Judge _____
                                                                                                                        Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles _____ , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Twila S. White
6033 West Century Boulevard
Los Angeles, CA 90045

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/24/2020 _____

By  A. Barton _____
                      Deputy Clerk

| LACIV 132 (Rev. 07/13)<br>LASC Approved 10-03<br>For Optional Use | **NOTICE OF**<br>**CASE MANAGEMENT CONFERENCE** | Cal. Rules of Court, rules 3.720-3.730<br>LASC Local Rules, Chapter Three |
|---|---|---|

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Twila S. White, SBN: 207424<br>Law Office of Twila S. White<br>6033 West Century Boulevard, Suite 810<br>Los Angeles, CA 90045<br>TELEPHONE NO: 213 381 8749   FAX NO: 213 381 8799<br>ATTORNEY FOR (Name): Alice Rodarte | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles, CA
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:
Jon Miller v. United Airlines and Dale Bordelle

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20STCV10551<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 13
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 16, 2020
Twila S. White
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**03/16/2020** |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV10551 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Monica Bachner | 71 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/17/2020
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Perez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Lara,Deputy Clerk

Twila S. White, State Bar #207424
**LAW OFFICE OF TWILA S. WHITE**
6033 West Century Blvd., Suite 810
Los Angeles, CA 90045
Telephone: (213) 381-8749
Fax: (213) 381-8799

Attorneys for PlaintiffJON MILLER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

## DEMAND FOR JURY TRIAL

Case No. 20STCV10551

JON MILLER, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

UNITED AIRLINES, Inc., an Illinois Corporation, DALE BORDELEON an individual; and DOES 1 through 50 Inclusive,

Defendants.

**FIRST AMENDED COMPLAINT FOR:**

1. **Hostile Work Environment Harassment- Race, Gender/Sex;**
2. **Discrimination Based on Sex/Gender, Race, and Disability;**
3. **Failure to Reasonably Accommodate;**
4. **Failure to Engage in Interactive Process;**
5. **Sexual Battery and Battery;**
6. **Assault;**
7. **Retaliation, Government Code Section 12940(h);**
8. **Failure to Take All Reasonable Steps Necessary to Prevent Discrimination, Retaliation and Harassment;**
9. **Violation of California Family Rights Act;**
10. **Violation of Labor Code §§ 98.6 and 1102.5;**
11. **Violation of Civil Code Section 43;**
12. **Violation of Civil Code Section 52.1; and**
13. **Violation of Civil Code Section 51.7;**

Plaintiff JON MILLER ("Plaintiff" and/or "Miller") brings this action against UNITED

1

JON MILLER'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

AIRLINES, Inc. an Illinois Corporation; DALE BORDELEON, an individual and DOES 1 through 50, inclusive (collectively referred to hereinafter as "Defendants") and alleges as follows:

## DEFENDANTS

1.  Defendant, United Airlines, Inc. ("Defendant" and/or "United Airlines") is a major American airline headquartered at Willis Tower in Chicago, Illinois, and has operations as 796-836 World Way, Los Angeles, CA 90045 at the Los Angeles International Airport. It is the third largest airline in the world. United Airlines operates eight hubs, one of which is located in Los Angeles, CA.  United Airlines has 15% of the market share at LAX, making it the third-biggest carrier at the airport. United Airlines operates a large domestic and international route network, with an extensive presence in the Asia-Pacific region.

2.  Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Defendant DALE BORDELEON(hereinafter "Bordeleon") was and is an individual residing in Texas or Louisiana.

3.  Plaintiff does not presently know the true names and capacities of the Defendants named as Doe 1 through 50, and therefore sue such Defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering into a conspiracy and/or agreement with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

4.  Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment,

conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

**5.** On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

**6.** Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

**7.** Collectively, Employer Defendants and Dale Bordeleon and the Doe Defendants will hereinafter be referred to as the "Defendants."

## JURISDICTION AND VENUE

**8.** Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Plaintiff Jon Millerhas primarily been performing services for United Airlines out of its office located at LAX, 5932 W Century Blvd, Los Angeles, CA 90045. Pursuant to Code of Civil Procedure, section 395 because Defendant maintains its locations and business in this county, the obligations and liabilities arise in this county, and work was performed by Plaintiff in this county, making the subject of this action in the County of Los Angeles, California.

## STATEMENT OF FACTS

**9.** Plaintiff Jon Miller ("Plaintiff" and/or" Miller") is a 31-year-old African American woman. She is currently a resident of Los Angeles County, and between November, 2016 until October 1, 2018, Plaintiff performed her services for United Airlines out of its Los Angeles office and was domiciled in Los Angeles on those occasions for purposes of performing her work duties when she needed to perform them.

**10.** As described in detail below, at various times during her employment, Plaintiff was

3

deprived of her rights guaranteed under California Labor Code section 98.6 and 1102.5, FEHA, CFRA, and Civil Code Section 43, Section 52.1 and 51.7, *inter alia*. When Plaintiff asserted her rights, which included, among other things, bringing the acts of harassment and discrimination against her to the notice of Defendants, she was subjected to multiple adverse employment actions.

11.     Plaintiff began working with Defendant United Airlines, on or about June 14, 2012 as a Flight Attendant, a position she holds until the present date. Plaintiff's job duties included, but were not limited to serving food, drinks, service, safety and dealing with procedures that comply with the Federal Aviation Regulations (FAA). Plaintiff is a part of the flight crew that flies both Internationally and domestic travel. In or around November 2016 Plaintiff was transferred to the LAX location of United Airlines. Plaintiff has been employed with United Airlines for over seven years now.

### Plaintiff was sexually harassed and discriminated on the basis of her Race and Sex

12.     On or about June 5, 2018, Plaintiff boarded a flight, on a six-day trip departing from Houston, Texas to Narita, Japan. It was a trip that originated in Houston, then from Houston to Japan, then from Japan back to Denver, and then from Denver back to Japan, and then from Japan it was going back to Houston. Flight had a layover in Narita, Japan and a layover in Denver, Colorado. Plaintiff was the only African American woman in a crew of ten people. Out of the 9 to 10 crew members, one was Islamic, three were Japanese and the rest were Caucasian.

13.     Onboard this flight to Denver were other flight attendants and crew members out of which a flight attendant named Dale Bordeleon("Bordeleon") was also present. Bordeleon is a Caucasian male in his late forties.

14.     During the course of Plaintiff's flight journey from Japan to Denver, on the aircraft in A Zone galley[1] after returning from her first break, Plaintiff was standing in the galley looking for a crew

---

[1] A Section galley in the aircraft where meals and supplies are stored.

meal when Bordeleon sneaked up from behind Plaintiff and *punched her in the buttocks and pulled her hair very hard*. This was very painful and aggravating for Plaintiff and unwelcomed. Plaintiff was infuriated and pushed Bordeleon's hand away and said "What is wrong with you?" Did you take something? to which Bordeleon, nastily opened his mouth to expose the food he had been chewing to Plaintiff, in an attempt to vex her even further. Plaintiff expressed her disgust and said that she was leaving the area, and proceeded to walk away, to which Bordeleon responded saying, "*get your black ass over here.*" Plaintiff continued to walk away and stayed from Bordeleon for the remainder of the trip. This experience left Plaintiff insulted, embarrassed and shocked. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto that about 5 to 6 people witnessed this incident. Plaintiff did not take kindly to Bordeleon's conduct, including touching her buttocks, pulling her hair, or the racial slur.

15.     On or about the day, when the flight from Japan landed in Denver, Plaintiff got into a bus to her hotel. During the course of Plaintiff's bus journey from the airport to her hotel, Bordeleon sat in the seat behind Plaintiff and continued to abuse Plaintiff and asked her, "What are you doing **Moesha?**". 'Moesha' was not Plaintiff's name and it was clear to Plaintiff that she was being referred to by Bordeleon as an exaggerated way, using a *stereotypical black name*, with Plaintiff's race as the focus. Bordeleon paid no heed to Plaintiff's vehement request to stop his inappropriate and harassing behavior and he instead continued with his transgressions. Plaintiff felt humiliated, but she continued to ignore him by putting on a headset to listen to music. Among other people who witnessed Bordeleon's pervasive harassment of Plaintiff include United Staff members Elizabeth Ross ("Ross"), Maki Meagher

---

The galley is the compartment of a ship, train, or aircraft where food is cooked and prepared. It can also refer to a land-based kitchen on a naval base, or, from a kitchen design point of view, to a straight design of the kitchen layout. https://en.wikipedia.org/wiki/Galley_(kitchen)

("Meagher"), Naomi Hill ("Hill"), Kathy Jay ("Jay"), Jon Baumeister ("Baumeister") and Shahid Islam ("Islam").

16.     After Plaintiff arrived at her hotel in Denver, Plaintiff informed Flight Attendants Elizabeth Ross ("Ross") and John Braumeister ("Braumeister") about the racist and sexist comments Bordeleon made against her on board. Braumesiter told Plaintiff "I'm sorry that happened to you".

17.     On the same day, while Plaintiff was checking into her hotel at the front-end desk in the lobby, Bordeleon *punched Plaintiff's left Butt cheek* yet again, in the presence of several people including but not limited to Flight Attendants Kathy Jay ("Jay"), In-flight Service Manager ("ISM") Shahid Islam, and three other Japanese Speakers who were guests at the hotel. (names unknown). Plaintiff had already protested Bordeleon touching her buttocks yet he only continued. Aghast and embarrassed, Plaintiff pushed Bordeleon's hand away and told him "DO NOT DO THAT" to which, Bordeleon in an demeaning manner referred to Plaintiff as "Moesha" repeatedly and made references to Plaintiff's hair saying that he will pull them off in front everyone. He was taunting Plaintiff inferring that she was wearing a wig or extensions in her hair and would pull them out of her hair, in a threatening, mocking, demeaning and insulting manner. Plaintiff was shocked and dismayed by this unruly behavior of Bordeleon. Plaintiff noticed that Bordeleon had a water bottle in his hand which had a dark color substance in it. Plaintiff had a reasonable belief that Bordeleon's water bottle contained alcohol in it and hence Plaintiff asked Bordeleonl, "what is in that water bottle?" to which Bordeleon strongly struck Plaintiff on her head with the same water bottle, and while Plaintiff was still reeling from being hit on head, flight attendant Kathy Jay came running and grabbed Jon's arm and yelled at Bordeleon saying "Don't do that" and asked him to  leave Plaintiff alone. Bordeleon was insistent in harassment Plaintiff, assault her, touching her, and threatening to physically lay his hands on Plaintiff. Plaintiff felt attacked and her heart started pounding. Plaintiff's hands were trembling when Bordeleon told Miller, "what you gonna do I will pull off those eyelashes?" Everyone including Jay, Shahid Islam, three other Japanese

Speakers who were guests at the hotel, hotel workers witnessed this incident. Plaintiff left humiliated and embarrassed to her room.

18. Plaintiff could not stop crying and Plaintiff couldn't believe that she was being subjected to such rash, racist and discriminatory behavior at her workplace. Throughout the day, Bordeleon continued to harass Plaintiff by knocking on her door, messaging her and leaving her voicemails. Plaintiff is informed and believes that Bordeleon was in an inebriated state by when he continued to repeatedly knock on Plaintiff's door, send text messages and call her cellphone.

**Relevant *text messages* from Bordeleon to Plaintiff read as follows**:

**June 5, 2018 at 4:02 p.m.**

"R u really mad at me, I am sorry if I hurt u or ur feelings.
Hello.
Well all I can say is I am sorry I thought u knew *I was playing with u* hope u will accept my apology and meet us down at 5 at the place in the hotel across from the yard house. I guess I cant cut up with u. U know I like to cut up I am so sorry I offended u or upset u? was not my intention I guess I didn't realize I could not cut up with u. (Emphasis added.)

**Relevant *voice mails* from Bordeleon to Plaintiff on the day at Hotel in Denver, transcribed into text read as follows**:

**June 5, 2018 at 3:26 p.m.**

"You've been and I have been made you know *I've been playing with you,* So I have Kathy think that you are mad at me if you feel better call me back"

**June 5, 2018 at 4:38 p.m.**

"...open.. knock on your door.. Please don't be mad at me now, my feeling are like all upset because I didn't mean to hurt your feelings or to hurt you or to make you think bad, so I'm what you call as oh.. work budddies. So please forgive me for what I did I am asking you and I don't want you to be mad at meeee.. I don't like that when for my feelings hurt or somebody is mad at me or upset and I didn't mean to upset you like that If I did I didn't even know I want you to just know that *I was joking and cheesing with you* but then all of Kathy was like Oh! She's mad at you and I did not have any idea about *we were just cutting up and playing so,* anyway I am not upset with you and don't want you to be upset with me. We have two more days to work together and uhh...   And I always thought that you were..Uhhh.... a good.... person and that we could hang out together. So I am

really sorry that I hurt your feelings or hurt you. It was not meant to be ugly or anything like that *I was just cutting up with you*.So I think it would help you so come down, join us, and be part of us so anyway, so I am just calling youuuuu…. I wish you would call me back or at least text me and let me know that you're ok and that you are not upset with me, I don't want to go on all night not knowing that you're upset with me, so please don't be upset with me, I'm sorry if I hurt your feelings or hurt you in anyway, I would never do that You know that You can tell about my personality am not somebody that would hurt somebody or intentionally upset them, so anyway, if you would, please give me a call back so let me know if you are ok I'm now I'm worried because you won't reach my calls and I feel like you are upset with me and I didn't mean to do that at all This is supposed to be a friendly over for us and not for you to be upset or mad at me you are the last person I want to be mad at me, Okayyy…Okayyy…I will talk to you later I won't anymore."

### June 5, 2018

"Joooooooonnn…are you really mad at me? You're gonna make cry, I hope you'regonna come downstairs at five, hellllooooo, don't act like you not get me my messages just because you're may yell her *I was playing with you* I didn't… your friend Kathy said, Oww! She's madddd… I was like *I was playing with her*, anyway you better call me back or I'll start crying, I'll buy you a first drink if you act nice, you better call me back sister… aghhhh"

19.    Plaintiff believed that was necessary and vital to her safety security to immediately contact her Supervisor and Union. At or around 4 or 5 p.m., Plaintiff called inflight supervisor, Kevin Coburn ("Coburn"). However, since Coburn wasn't available, Plaintiff called Union members Dante Harris ("Harris") on his personal line and John Pulumbo ("Pulumbo") and informed them of Bordeleon's inappropriate, sexually harassing, and racist behavior directed towards Plaintiff and that she was embarrassed and humiliated by the same. Plaintiff also informed Harris and Pulumbo that she was scheduled to take two more flight journeys with Bordeleon. On being informed of the same, Harris and Pulumbo went over Plaintiff's options with either to remove Bordeleon from the trip or to remove Plaintiff from the trip. Since, Plaintiff was seriously traumatized and was concerned for her safety, she decided to miss the remaining flights with Bordeleon. It was decided that an emergency drop would be the best possible solution for Plaintiff followed up with an investigation. Plaintiff was even told by Harris

that she would be pay protected (paid for missing those two lights) should she choose not to continue on that trip.

20. Plaintiff is not aware of any immediate action taken against Bordeleon with respect to the complaints made against him by Plaintiff.

21. The next day on or about June 6th, 2018, Plaintiff informed Coburn of the incident over the phone. However, Mr. Coburn failed to understand the seriousness of what happened and instead just offered to call and talk to Dale Bordeleon. Shockingly Coburn also stated that he would "hate to interrupt the flight" and would have someone meet and talk to Dale Bordeleon as well as Plaintiff. Coburn failed to acknowledge the severity of the situation and address Plaintiff's issues. Plaintiff wanted appropriate actions to be taken against Bordeleon and did not want the continued assaults, touching, threats, and harassment against her to be perceived as a small incident.

22. Fearing that the payment of her wages from missing the two flights might be at risk, Plaintiff also discussed with Harris on or about June 7, 2018 about the possibility of her losing out on her due wages for the two flights missed. Plaintiff was informed by Harris that he spoke to Plaintiff's supervisor who said that he would get back to Harris in a couple of days while the HR informed Harris that they don't think they could offer Plaintiff "pay protection" for the flights she missed. Plaintiff decided to get back to Harris later in the day to see what her supervisor had to say. Subsequently, Plaintiff also informed Harris that her missed flights were recorded as a as an "emergency drop" on her master schedule", to which Harris replied that he will check on it. All this while, Defendant United Airlines was aware that Plaintiff missed her two flight journeys because of Bordeleon's inappropriate conduct.

23. On or about, June 11, 2018 Plaintiff followed up with Harris on her "Pay protection" and asked him as to what her next course of action should be. Plaintiff was informed by Harris that she would not be paid the wages for the two flights she missed unless an Internal Investigation by the company is carried out, to which Plaintiff replied that she had no problem since she didn't want the issue to go

unattended. Harris also informed Plaintiff that he will keep trying to see if Plaintiff can be paid her due wages for the missed flights and that he believed that Defendant United Airlines just didn't want to pay Plaintiff. Plaintiff believed that Defendant United Airlines did not take her discrimination complaints seriously and instead Plaintiff was the one being retaliated against for complaining about the sexual harassment, battery, assault, threats, and racist behavior she faced.

24.     On or about June 17, 2018, Plaintiff called Harris and left a message asking him to let her know as to what the HR will do regarding the physical/verbal assault/ racial discrimination. Plaintiff also asked Harris about the next course of action to be taken. To which, Harris asked Plaintiff if she had spoken to Stephanie Francis (hereinafter "Francis"), the manager from HR yet. Harris also informed Plaintiff that Kevin, her supervisor had told Harris that they will make a determination on her "Pay protection" for the two missed flights after the investigation is complete. Plaintiff them informed Harris that he will attempt to contact "Francis".

25.     On or about end of June 2018, Plaintiff submitted a written statement to United Airlines' Human Resource, Tammy Holt ("Holt"). The written statement submitted by Plaintiff detailed all the inappropriate behavior directed towards her by Bordeleon.

26.     On or about July 5, 2018, Plaintiff informed Harris that she spoke to the HR personnel and that they told her that her "pay protection" is not their decision and must be done through her inflight. Plaintiff also told Harris that even her supervisor thought that HR handled "pay protections". Plaintiff was confused and asked Harris for help. Harris informed Plaintiff that he was doing everything he could and was waiting on a decision on the "pay protection" himself.

27.     On or about July 6, 2018, Plaintiff told Harris that she was having a meeting with HR and asked as to how to have a Union Representative present at the meeting. Plaintiff was informed by Harris to contact the IAH/AFA Union [Council 42 - Houston representing United Airlines Flight Attendants based at IAH(International Airport Houston)] for help. Plaintiff also informed Harris that she was

meeting with Holt and someone from corporate security. Plaintiff was then told by Harris that he will

have Plaintiff's supervisor call her to guide her.

28.    On or about July 12, 2018, Plaintiff met with Holt, Corporate Security Chuck Miller

("Miller") and two other members of the Union IAH/AFA.  Plaintiff was informed by Holt that they

wanted to investigate into the incident of Bordeleon harassing her.

29.    On or about August 10, 2018, Plaintiff received a letter from Holt, which stated that the

investigation into Plaintiff's complaint against Bordeleon was complete. The letter read as follows:

> Dear Jon,
> On July 3, 2018 I received a complaint via email from you regarding workplace
> behavior you found to be inappropriate. You, Chuck Miller - Corporate Security
> and I discussed these allegations further on July 10, 2018. Thank you for bringing
> forward your concerns to United's attention.
> United is committed to fair employment practices and affording employees a
> respectful work environment. United will not tolerate inappropriate workplace
> behavior. In keeping with this commitment and in response to your allegations,
> we conducted a company investigation. The investigation is now complete.
> At the conclusion of the investigation we were not able to substantiate the
> following allegations: Dale Bordeleon "punched" you in the buttocks on two
> occasions; pulled your hair and/or threatened to "pull out" your eyelashes or made
> the statement, "Get your Black ass here!". *We did substantiate that he may have
> referred to you with an ethnic name and did strike or tap you on the head with
> a water bottle.*
> As a result of the inappropriate and unacceptable behavior in violation of
> Company Policy, corrective action was taken with the expectation that the
> behavior will conform to acceptable company standards. *Because the corrective
> action could be in the form of discipline and disciplinary actions are
> confidential, I am unable to discuss or disclose specifics of the action taken.*
> *You and I also discussed United's policy on confidentiality regarding Company
> investigations*. This policy applies to all parties concerned, including you and any
> persons we contacted during the course of the investigation. The investigation
> should only be discussed with those who have a legitimate business need to know
> the information. We reviewed this policy with each employee contacted during
> this course of the investigation and want to thank you for previous commitment
> that you will keep all information related to this matter confidential.
> Please remember that United's policy strictly prohibits retaliation of any kind for
> lodging a complaint or participating in an investigation. United does not tolerate
> retaliation. If you have any questions or concerns regarding confidentiality,
> retaliation, or any other matter regarding this investigation, please contact me at
> 281-553-1646 or email tammy.holt@united.com. Again we wish to thank you for
> bringing this matter forward and giving us an opportunity to adequately address
> your concerns.

11

Sincerely,
Tammy Holt (Emphasis added.)

30.   Plaintiff was shocked that despite there being several witnesses to the aforementioned incidents, they were rendered unsubstantiated in the investigation. Importantly, Plaintiff was not informed of any action taken against Bordeleon.

31.   Plaintiff was informed by Defendant that they would not be paying her for the two flights that she had missed as a consequence of Bordeleon's inappropriate behavior. Consequently, Plaintiff suffered a loss of 23 hours (*of flight journey*) totaling $1,100.00 plus per diem of $200.00.

## Plaintiff Was Injured During The Course Of Her Employment Which Limited Her Major Life Activities

32.   On or about September 23, 2018, while onboard a flight to Frankfurt, Germany, Plaintiff's flight faced severe turbulence due to which Plaintiff was thrown against another Flight Attendant causing Plaintiff to twist her neck and hurt her shoulder.

33.   Next day, on or about September 24, 2018, Plaintiff called the internal phone number to United Medical provided to the crew by United and informed United of the injury. Thereafter Plaintiff stayed in Houston for further treatment.

34.   On or around October 1, 2018, Plaintiff was placed on a medical leave by her Doctor, Dr. Alan D. Tran M.D ("Dr. Tran") at Alliance Medical Group (Injury Center). Plaintiff forwarded her doctor's note to United Medical as required per United's protocol.

35.   Plaintiff was prescribed strong medications such as Naproxen, Gabapentin, Tylenol III (Tylenol w/ Codeine) and Zanaflex by Dr. Tran over a series of follow up appointments. However, Plaintiff's stress was further antagonized due to the physical and mental trauma she had suffered earlier at the hands of Bordeleon. Along with the medical note she was also given refills of the same medicines.

36.     Thereafter, Plaintiff was placed on medical leave until July 26, 2019 by Dr. Tran. Plaintiff duly submitted her medical notes from October 1, 2018 until July 26, 2019 to United Medical on Fax No. 847-700-2600. Plaintiff duly forwarded her monthly medical notes to United Medical.

37.     On July 26, 2019, Plaintiff was allowed to work with restriction by Dr. Tran. As per Dr. Tarn's medical note, Plaintiff was placed on restriction of "No walking or standing for more than 4 hours at a time, no lifting more than 25 pounds." Plaintiff duly forwarded her July 26, 2019 monthly medical note regarding being allowed to work with restriction to United Medical. Plaintiff believed and hoped that United would perhaps find a reasonable accommodation for Plaintiff and offer her a job position which did not require lifting more than 25 pounds and/or walking or standing for more than 4 hours. Plaintiff is informed and has knowledge that there are other position at United which could have been offered to Plaintiff including, but not limited to, administrative work that doesn't require Plaintiff to get on the plane, or Plaintiff could have been one of the staff members that accompany children when they don't travel with an adult, *inter alia*. Plaintiff sent the medical note with restrictions on August 1, 2019 letting United know she available to return to work and had restrictions.  Plaintiff received an email response from United to her medical note that same day, indicating that United had received the documentation and that United would reach out to Plaintiff if United needed more information. However, Plaintiff never heard back from United in her attempt to return to work and receive a reasonable accommodation per her work restrictions.

38.     Plaintiff continues to send her monthly medical note since October, 2018 until present month i.e. March 2020 to United Medical, which clearly informs Defendants that Plaintiff is allowed to work with restrictions.  There have been no attempts by United to have a good faith interactive process with Plaintiff to return her back to work. Given that Plaintiff resides in California, she has continued to send notes from her providers who she has treated with in Los Angeles County.

**39.** Receiving no response from Defendants, on or around February, 2020, Plaintiff sent yet another medical note to United Medical. Plaintiff also called United Medical and spoke to a nurse named Stephanie (last name unknown) inquiring as to when can she return back to work and be placed in a position which can accommodate her work restrictions. In response, Stephanie told Plaintiff that somebody from United's management would reach out to Plaintiff and set up a meeting and get her a new position. Despite Stephanie's assurance, no management personnel from United has reached out to Plaintiff until date, to set up a meeting to accommodate her physical disability/medical condition and offer her a new position. Plaintiff believes that she has been discriminated against due to taking disability leave, exercising her right to protected leaves, but also due to the prior complaints she lodged regarding Bordeleon and the incidents surrounding those complaints.

**40.** Plaintiff again sent her medical note on March 4,2020, however, has not received any correspondence or call from United until date. Plaintiff continues to be out of work and wishes to resume her work duties.

**41.** Plaintiff is informed and believes that Defendants' refusal to accommodate Plaintiff's physical disability and/or medical condition and to allow Plaintiff to return to work in a new position is in retaliation of her complains made against Bordeleon, because Plaintiff took protected medical leave, raised DFEH complaint against Defendants on March 18, 2019, and due to her physical disability and/or medical condition.

**42.** Plaintiff has suffered mental and emotional distress as well as economic damages.

**43.** On March 16, 2020 Plaintiff's Complaint was filed in the Los Angeles County Superior Court. After the lawsuit was filed, Defendant United, via Lucia Camacho, called Plaintiff on March 31, 2020 and stated that Plaintiff will have a meeting with management to determine what reasonable accommodation could be had. Plaintiff also received an email on March 31, 2020 after her lawsuit was filed reiterating what was said in the phone call and that she would have a meeting on April 9, 2020.

JON MILLER'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**Plaintiff has exhausted her administrative Remedies**

44.   Plaintiff has duly complied with the requirements of the FEHA by filing charges of discrimination with the DFEH and obtaining the requisite "Right to Sue" notice.

45.   Pursuant to California Code of Civil Procedure Section 1021.5, the court may award attorneys' fees to Plaintiff, in addition to other statutory attorney's provisions alleged herein.   The complaints and allegations allege herein relate to the enforcement of important rights affecting public interest and confers a significant benefit on the general public or a large class of individuals.

46.   On information and belief, Defendants and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were wilful and deliberate.

47.   At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "Respondent Superior".

## FIRST CAUSE OF ACTION

**[Hostile Work Environment Harassment- Race, Gender/Sex Government Code Section 12940(j)]**
**(Against All Defendants)**

48.   The allegations set forth in this complaint are hereby re-alleged and incorporated herein by reference.

49.   Plaintiff was sexually harassed and subjected to a hostile working environment, including hostile work environment sexual harassment.   The sexual harassment was verbal and physical, and included lewd conduct that was unwelcome.  Plaintiff was also subjected to racial comments that were derogatory and offensive. Among other unlawful conducts as described above, DefendantBordeleon on numerous occasions referred to Plaintiff using stereotypically racist terms such as 'Moesha' in the

presence of several other United Airlines employees and at one point even told Plaintiff to 'get her black ass' over to where Bordeleon was standing. Bordeleon threatened Plaintiff to pull the hair off her head and her eye lashes in the presence of several other United Airlines employees and other passengers abord the flight to Denver. Bordeleon even publicly attacked Plaintiff and battered Plaintiff by punching Plaintiff's buttock cheeks not once but twice, which was witnessed by several United Airlines Flight Attendants, passengers and other customers of the hotel which Plaintiff was staying at. While checking into the hotel at the reception, Bordeleon battered Plaintiff by striking her on the head with a water bottle and while Plaintiff was still reeling from the shock, Bordeleon again told Plaintiff "What you gonna do? I am going to pull those lashes off you". Bordeleon's racist and harassing conduct didn't stop with just the public assault and battery of Plaintiff but rather continued into further assault of Plaintiff by repeatedly knocking on her door at night and asking her to open the door, leaving unwelcome and unwarranted messages and voice mails on Plaintiff's phone. Even though Plaintiff complained about the same to her supervisors, the HR Personnel at United Airlines and to the Union Members, no action was taken against Bordeleon. Furthermore, Plaintiff had to miss two flights due to concerns arising over her security after Bordeleon battered Plaintiff publicly causing injuries to her head. Plaintiff was retaliated against by not being paid her due wages for the two flights she missed as a result of Bordeleons harassing conduct. Furthermore, Plaintiff was never informed of the results of the investigation into her complaints against Bordeleon. Plaintiff also has been denied reasonable accommodation for the medical condition she suffered, United has not engaged in a good faith interactive process, and has refused to return Plaintiff to work.

50.   The sexual harassment was perpetrated upon Plaintiff because she is female and also due to her race, African American. The racial remarks were made to and about Plaintiff because she is African American.

51.    Plaintiff is a female individual belonging to a protected class.  Plaintiff is an African American belonging to a protected class.

52.    The above described conduct was severe and/or pervasive and created an intimidating, hostile and offensive work environment and was unwanted, unwelcome, and uninvited, and violated Government Code § 12940 et seq.

53.    A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.  A reasonable African American in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

54.    Plaintiff considered the work environment to be hostile or abusive.

55.    Defendant Bordeleon was an employee of United Airlines when he harassed Plaintiff due to her race and sex, and subjected her to a hostile working environment. Furthermore, Defendant United Airlines and its supervisors or agents knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action.

56.    Plaintiff was harmed.

57.    Defendant's conduct was a substantial factor in causing Plaintiff's harm.

58.    As and actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code Section 12926(a).

59.    The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendants.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendants in a sum sufficient to punish and deter Defendants' future conduct.

## SECOND CAUSE OF ACTION

**[Discrimination Based on Sex/Gender, Race, and Disability- Government Code Section 12940(a)]**
**(Against United Airlines Only)**

**60.** The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**61.** Plaintiff was an employee of United Airlines.

**62.** Plaintiff was subjected to discrimination because of her gender/sex, race and disability, the complaints she made regarding Bordeleon, and because she exercised protected leaves, in the workplace.

**63.** At all times relevant to this matter, the Fair Employment and Housing Act and California Government Code § 12940 were in full force and effect and binding on Defendants. Plaintiff was subjected to unwanted discrimination based on her race, African American, her sex/gender, because she complained about the incidents involving Bordeleon, her disability/medical condition, and because she exercised her right to protected leaves. This discriminating conduct was perpetrated by Defendants who created an environment that, among other things, tolerated and encouraged discrimination against Plaintiff. This included subjecting Plaintiff to sexually harassing and racially derogatory comments, forcing Plaintiff to continue to work with the individuals who were sexually and racially harassing her, retaliating against Plaintiff by not paying her wages, retaliating against Plaintiff not providing reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation, and ultimately not allowing Plaintiff to continue employment with United Airlines. The statements and conduct on the part of Defendants complained of herein represent a violation of California Government Code § 12940(a). Among other unlawful conducts as described above, Defendant Bordeleon on numerous occasions referred to Plaintiff using stereotypically racist terms such as 'Moesha' in the presence of several other United Airlines employees and at one point even told Plaintiff to 'get her black ass' over to where Bordeleon was standing. Bordeleon threatened Plaintiff to pull the hair off her head and her eye lashes in the presence of several other United Airlines employees and other passengers abord

the flight to Denver. Bordeleon even publicly attacked and battered Plaintiff by punching Plaintiff's buttock cheeks not once but twice, which was witnessed by several United Airlines Flight Attendants, passengers and other customers of the hotel which Plaintiff was staying at. While checking into the hotel at the reception, Bordeleon battered Plaintiff by striking her on the head with a water bottle and while Plaintiff was still reeling from the shock, Bordeleon again told Plaintiff "What you gonna do? I am going to pull those lashes off you". Bordeleon's racist and harassing conduct didn't stop with just the public assault and battery of Plaintiff but rather continued into further assault of Plaintiff by repeatedly knocking on her door at night and asking her to open the door, leaving unwelcome and unwarranted messages and voice mails on Plaintiff's phone. Even though Plaintiff complained about the same to her supervisors, the HR Personnel at United Airlines and to the Union Members, no action was taken against Bordeleon. Furthermore, Plaintiff had to miss two flights due to concerns arising over her security after Bordeleon battered Plaintiff publicly causing injuries to her head. Plaintiff was retaliated against by not being paid her due wages for the two flights she missed as a result of Bordeleon's harassing conduct. Furthermore, Plaintiff was never informed of the results of the investigation into her complaints against Bordeleon. Plaintiff also has been denied reasonable accommodation for the medical condition she suffered, United has not engaged in a good faith interactive process, and has refused to return Plaintiff to work.

64.     Since the time when Plaintiff suffered a workplace injury on or about September 23, 2018, Plaintiff has been put on a medical leave of absence. However, since July 26, 2019, Plaintiff is allowed to work with restrictions by her Doctors. Despite the fact that Plaintiff has duly forwarded her medical notes to United Medical on a monthly basis and Defendants have clear knowledge of Plaintiff being allowed to work with restrictions, Defendants have failed to provide reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation. Plaintiff is informed and believes that Defendants' refusal to accommodate Plaintiff's physical disability and/or medical condition and to allow Plaintiff to return to work in a new position is in retaliation of her

19

complaints made against Bordeleon, for taking protected medical leaves, raising DFEH complaint against Defendants on March 18, 2019, and due to her physical disability and/or medical condition, and needing reasonable accommodations.

      **65.**   Plaintiff's gender/sex, race and disability/medical condition, needed reasonable accommodations, and her exercising her right to protected leaves, as well as complaints against Bordeleon, were a substantial motivating reason for adverse actions taken against Plaintiff which included but were not limited to, sexual harassment and racially derogatory comments, forcing Plaintiff to continue to work with the individuals who were sexually and racially harassing her, and retaliating against Plaintiff by not paying her wages, retaliating against Plaintiff by not providing reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation, and not allowing Plaintiff to continue employment with United Airlines.

      **66.**   Plaintiff was harmed.

      **67.**   The adverse actions suffered by Plaintiff were a substantial factor in causing Plaintiff's harm.

      **68.**   As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

      **69.**   The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against defendants in a sum sufficient to punish and deter Defendant's future conduct.

### THIRD CAUSE OF ACTION

### Failure to Reasonably Accommodate

### (Against Defendant United Airlines Only)

**70.**   Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

**71.**   Plaintiff was physically disabled within the meaning of FEHA, all as pled. Alternatively, Defendants perceived Plaintiff as being physically disabled.

**72.**   Government Code § 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain effective reasonable accommodations. The employer's failure to do so is a separate violation of FEHA.

**73.**   Plaintiff is informed and believes and thereon alleges that Defendants violated Government Code § 12940(n) by failing to engage in said good faith interactive process with Plaintiff, by amongst other things, refusing to allow Plaintiff to return to work, by refusing to accommodate Plaintiff, and by failing to engage in an interactive process to determine reasonable accommodation.

**74.**   Defendant was on notice that Plaintiff had a disability/medical condition which required a protective leave of absence. Plaintiff was subjected to unwanted discrimination because of her disability/medical condition, or perceived disability, and requests for disability leave and reasonable accommodations. Defendant was also on notice that Plaintiff had brought forth a worker's compensation claim. Since the time when Plaintiff suffered a workplace injury on or about September 23, 2018, Plaintiff has been put on a medical leave of absence. However, since July 26, 2019, Plaintiff is allowed to work with restrictions by Doctors. Despite the fact that Plaintiff has duly forwarded her medical notes to United Medical on a monthly basis and Defendants have clear knowledge of Plaintiff being allowed to work with restrictions, Defendants have failed to provide reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation. The discriminating conduct was conducted by Defendants, who created an environment that, among other things, tolerated and

21

encouraged discrimination against Plaintiff.  Defendants subjected Plaintiff to various adverse actions including but not limited to the following: Defendants failed to make reasonable accommodations for Plaintiff's disability, retaliated against and harassed Plaintiff.  Defendants has denied reasonable accommodation in the form of a new position to Plaintiff at United Airlines which accommodates Plaintiff's restrictions placed by her doctors.

**75.**    Plaintiff was able to perform the essential functions of her job, and/or alternative jobs which Defendant failed to allow Plaintiff to perform and denied reasonable accommodation in the form of a new position to Plaintiff at United Airlines which accommodates Plaintiff's restrictions placed by her doctors. Defendants refused to honor Plaintiff's doctor's notes and allow Plaintiff to return to work following her protected leave of absence without incident and retaliation. The statements and conduct on the part of Defendant complained of herein represent a violation of California Government Code § 12940(a) and 12920, and Title 2 of the California Code of Regulations §§ 7287.6 and 7287.7.

**76.**    Plaintiff was harmed.

**77.**    Defendant's failure to provide a reasonable accommodation was a substantial factor in causing Plaintiff's harm.

**78.**    As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

**79.**    The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

JON MILLER'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## FOURTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process
### (Against Defendant United Airlines Only)

**80.** Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

**81.** Having been placed on notice of Plaintiff's medical condition and disability, and Plaintiff's request for a medical leave associated with her disability/medical condition and reasonable accommodations, Defendant had an affirmative duty to engage in a timely, good faith, interactive process with the Plaintiff, in order to determine effective reasonable accommodations. Plaintiff was willing to participate in the interactive process, yet Defendant failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made. Defendants denied reasonable accommodation in the form of a new position to Plaintiff at United Airlines which accommodates Plaintiff's restrictions placed by her doctors. Defendants refused to honor Plaintiff's doctor's notes and allow Plaintiff to return to work following her protected leave of absence. Plaintiff was subjected to discrimination, retaliation and harassment. Defendant's failure to comply with this mandatory duty and thereby violated Plaintiff's rights under Government Code § 12940 (n).

**82.** As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

**83.** The above described actions were perpetrated and/or ratified by a managing agent or an officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

## FIFTH CAUSE OF ACTION

### (Sexual Battery and Battery)

### (Against All Defendants)

84. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

85. This cause of action is asserted against all Defendants.

86. Plaintiff was an employee of United Airlines.

87. Defendant Bordeleon touched Plaintiff with the intent to cause bodily harmful or offensive touching to Plaintiff, including Bordeleon touching Plaintiff's buttocks. Plaintiff did not consent to Bordeleon's offensive and harmful touching of any part of her body, including her Buttocks.

88. Bordeleon not only punched Plaintiff's buttocks not once but twice in front of several United Airlines Flight attendants, passengers and hotel personnel of the hotel that Plaintiff was staying at. During the course of argument between Bordeleon and Plaintiff, Bordeleon also struck the Plaintiff on the head with a water bottle causing Plaintiff head injuries, trauma and emotional distress.

89. Bordeleon touched Plaintiff with the intent to harm and offend her.

90. Plaintiff did not consent to Bordeleon's touching him. Such acts were harmful and offensive to Plaintiff and caused Plaintiff to suffer injury.

91. Plaintiff was harmed and/or offended by Bordeleon's conduct, causing her to suffer embarrassment in the workplace.

92. A reasonable person in Plaintiff's situation would have offended by the touching.

93. Defendants United Airlines is vicariously liable for Plaintiff's injuries, because the battery occurred during the course and scope of employment of Plaintiff, while checking into the hotel, during flight from Japan to Denver. United Airlines ratified the action by failing to take corrective action in regard to the incident.

**94.**   As an actual and proximate result of the aforementioned conduct, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

**95.**   Defendants' conduct was malicious and/or oppressive and in reckless disregard of Plaintiffs rights. Such conduct was despicable and justifies and award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at the time of trial.

**96.**   Plaintiff seeks punitive damages against Bordeleon as follows: a) The supervisors and Flight Attendants had advance knowledge of the unfitness of Defendant Bordeleon and employed Bordelle with a knowing disregard of the rights or safety of others; or b) Defendant Bordeleon's conduct constituting malice and oppression, was authorized by a supervisor, or a managing agent of Defendant United Airlines; or c)a supervisor, or a managing agent of Defendant United Airlines knew of Defendant Bordeleon's conduct constituting malice and oppression or approved that conduct after it occurred.

## SIXTH CAUSE OF ACTION

### (Assault)

### (Against All Defendants)

**97.**   The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**98.**   This cause of action is asserted against all Defendants.

**99.**   Defendant Bordeleon acted, intended to cause harmful or offensive contact with Plaintiff, and threatened to touch Plaintiff in a harmful or offensive way. Bordeleon repeatedly told Plaintiff "What you gonna do? I am going to pull those eye lashes off you and I'm going to pull of your hair". Furthermore, Bordeleon continued to harass Plaintiff by knocking on her door, messaging her and leaving her voicemails. Plaintiff is informed and believes thatBordeleon was in an inebriated state by when he continued to repeatedly knock on Plaintiff's door, send text message and call her cellphone. Plaintiff

JON MILLER'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

reasonably believed that Bordeleon would carryout his threats that he made towards her or his conduct. Plaintiff did not consent to Bordeleon's conduct.

100. As a result of Defendants' conduct, Plaintiff suffered harm.

101. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

102. Defendants' conduct was malicious and/or oppressive and in reckless disregard of Plaintiffs rights. Such conduct was despicable and justifies and award of punitive damages against Defendants in an amount sufficient to deter them from engaging in such conduct again in the future, in an amount according to proof at the time of trial.

103. Plaintiff seeks punitive damages against Bordeleonas follows: a) The supervisors and Flight Attendants had advance knowledge of the unfitness of Defendant Bordeleon and employed Bordelle with a knowing disregard of the rights or safety of others; or b) Defendant Bordeleon's conduct constituting malice and oppression, was authorized by a supervisor, or a managing agent of Defendant United Airlines; or c)a supervisor, or a managing agent of Defendant United Airlines knew of Defendant Bordeleon's conduct constituting malice and oppression or approved that conduct after it occurred.

## SEVENTH CAUSE OF ACTION
### [Retaliation, Government Code Section 12940(h)]
### (Against Defendant United Airlines Only)

104. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

105. Plaintiff engaged in activity protected under FEHA by complaining about Bordeleon's conduct, including the racial and sexual harassment, the discrimination, and sexual battery/battery she suffered during her course of employment at United Airlines to her supervisors, HR personnel. Union

Members. Further, Plaintiff engaged in activity protected by FEHA by opposing the sexual and racial harassment in the workplace.

106. Plaintiff engaged in activity protected under FEHA by taking protected medical leave of absence, requesting protected leaves, requesting reasonable accommodations for her medical condition/disability, and raising DFEH complaint against Defendants on March 18, 2019.

107. Defendant United Airlines refused to pay Plaintiff her due wages for the two flights she missed as a consequence of Bordeleon's inappropriate and harassing conduct. On or about, June 11, 2018 Plaintiff was informed by Harris that she would not be paid the wages for the two flights she missed. Furthermore, Plaintiff wasn't even informed of the results of the investigation into her complaint against Bordeleon. Plaintiff believed that Defendant United Airlines did not seem to take her complaints regarding Bordeleon seriously and instead Plaintiff was being retaliated against for complaining about the sexual and racial harassment, batteries, and discrimination she faced.

108. Defendant subjected Plaintiff to various adverse employment actions including, but not limited to, discrimination, harassment and retaliation because of her race, gender and disability/medical condition, failing to provide Plaintiff with a safe work environment free from racial and sexual harassment, forcing Plaintiff to continue to work with the individuals who were sexually and racially harassing her, and retaliating against Plaintiff by not paying her wages, retaliating against Plaintiff by not providing reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation, and not allowing Plaintiff to continue employment with United Airlines, *inter alia*.

109. Plaintiff's complaints regarding sexual harassment and the racially hostile environment to her supervisors, HR personnel and the union, and protesting or opposing discrimination and harassment, in the workplace, as well as taking protected leaves and requesting them and requests for reasonable

accommodations, was a substantial motivating reason for Defendants decision to subject Plaintiff to the aforementioned adverse employment action.

**110.** Plaintiff was harmed.

**111.** The above described conduct of Defendants violated Government Code Sections Code §§12920, 12940(a), 12940(e), 12940(m), and 12940(n) and Title 2 of the California Code of Regulations§§ 11019-11020.

**112.** Plaintiff was harmed.

**113.** Plaintiff suffered adverse employment actions as alleged herein.

**114.** Defendant's adverse employment actions were a substantial factor in causing her harm.

**115.** As an actual and proximate result of the aforementioned reports of illegal conduct and violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess· of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code§ 12926(a).

**116.** The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiffs rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

**EIGHTH CAUSE OF ACTION**

**[Failure to Take All Reasonable Steps Necessary to Prevent Discrimination, Retaliation and Harassment, Government Code Section 12940(k)]**

**(Against Defendant United Airlines only)**

**117.** The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**118.** This cause of action is asserted against Defendant United Airlines only.

28

119.  As an employer pursuant to the definition in Government Code § 12926(d), Defendant had a duty to prevent unlawful harassment and discrimination, including retaliation.  Defendant knew or should have known about the discrimination, retaliation and harassment of Plaintiff set forth above. Defendant failed to implement adequate training, policies, or instructions that would have prevented the aforementioned discrimination, harassment, and retaliation.  Defendant breached its duty to prevent the discrimination, harassment, and retaliation against Plaintiff.   Accordingly, Defendant violated Government Code § 12940(k).

120.  As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

121.  The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendants.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendants in a sum sufficient to punish and deter Defendants' future conduct.

## NINTH CAUSE OF ACTION
### Violation of the California Family Rights Act
### (Against Defendant United Airlines Only)

122.  Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

123.  Plaintiff was eligible for medical leave and is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code § 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) month period

prior to Plaintiff's requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

124.   Plaintiff requested and took medical leave.

125.   Defendant United Airlines is an employer covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendant employed fifty (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

126.   Defendant United Airlines retaliated against Plaintiff because of her disability and medical conditions, or perceived disability, and requests for disability leave and accommodations.   Plaintiff exercised her rights to protected leaves and requested reasonable accommodation pursuant to Government Code § 12940, et seq.   Defendant United Airlines was on notice that Plaintiff had injured her neck and shoulder, among other medical conditions.   United Airlines further had notice that Plaintiff had taken protected leaves related to her medical condition. United Airlines knew Plaintiff required medical treatment and benefits which were terminated by United Airlines.

127.   United Airlines subjected Plaintiff to various adverse employment actions including but not limited to: denying her reasonable accommodation, failure to engage in the interactive process, failure to abide by its policies and the laws of the State of California, and not allowing Plaintiff to continue employment with United Airlines. Rather than accommodating Plaintiff, United Airlines continues to retaliate against Plaintiff and fails to reasonably accommodate Plaintiff to allow her to return to work.

128.   Plaintiff's request for and taking of medical leave was a substantial motivating reason for United Airlines to denying her reasonable accommodation, failure to engage in the interactive process, failure to abide by its policies and the laws of the State of California, and not allowing Plaintiff to continue employment with United Airlines. Plaintiff was discriminated against, harassed and retaliated against because she took leave to care for her serious medical condition, and in retaliation for asserting

30

her right to such leaves under California law.  Defendant's conduct violated the California Family Rights Act, codified at Government Code §12945.2.

**129.**  Plaintiff was harmed.

**130.**  United Airlines' retaliatory conduct was a substantial factor in causing Plaintiff's harm.

**131.**  As an actual and proximate result of the aforementioned reports of illegal conduct and violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.  Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code § 12926(a).

**132.**  The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

**TENTH CAUSE OF ACTION**

**(Violation of Labor Code §§ 98.6 and 1102.5)**

**(Against United Airlines Only)**

**133.**  Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

**134.**  This cause of action is asserted against Defendant United Airlines only.

**135.**  California Labor Code § 98.6 prohibits an employer from discriminating against, retaliating against, or taking any adverse action against an employee because the employee has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699, or because of the exercise by the employee for employment on behalf of himself, herself, or others of any rights afforded him or her.

**136.** Labor Code Section 1102.5 (a) prohibits an employer from making, adopting or enforcing any rule, regulation or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information, to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a local, state or federal rule or regulation regardless of whether disclosing the information is part of the employee's job duties. Labor Code Section 1102.5 (b ), prohibits an employer from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties. Labor Code Section 1102.5 ( c) prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

**137.** Among other unlawful conducts as described above, Defendant Bordeleon on numerous occasions referred to Plaintiff using stereotypically racist terms such as 'Moesha' in the presence of several other United Airlines employees and at one point even told Plaintiff to 'get her black ass' over to where Bordeleon was standing. Bordeleon threatened Plaintiff to pull the hair off her head and her eye lashes in the presence of several other United Airlines employees and other passengers abord the flight

to Denver. Bordeleon even publicly attacked Plaintiff by punching Plaintiff's buttock cheeks not once but twice, which was witnessed by several United Airlines Flight Attendants, passengers and other customers of the hotel which Plaintiff was staying at. While checking into the hotel at the reception, Bordeleon battered Plaintiff by striking her on the head with a water bottle and while Plaintiff was still reeling from the shock, Bordeleon again told Plaintiff "What you gonna do? I am going to pull those lashes off you". Bordeleon's racist and harassing conduct didn't stop with just the public assault and battery of Plaintiff but rather continued into further assault of Plaintiff by repeatedly knocking on her door at night and asking her to open the door, leaving unwelcome and unwarranted messages and voice mails on Plaintiff's phone. Even though Plaintiff complained about the same to her supervisors, the HR Personnel at United Airlines and to the Union Members, no action was taken against Bordeleon. Furthermore, Plaintiff had to miss two flights due to concerns arising over her security after Bordeleon battered Plaintiff publicly causing injuries to her head. Plaintiff was retaliated against by not being paid her due wages for the two flights she missed as a result of Bordeleon's harassing conduct. Furthermore, Plaintiff was never informed of the results of the investigation into her complaints against Bordeleon. Plaintiff also has been denied reasonable accommodation for the medical condition she suffered, United has not engaged in a good faith interactive process, and has refused to return Plaintiff to work.

138.   Since the time when Plaintiff suffered a workplace injury on or about September 23, 2018, Plaintiff has been put on a medical leave of absence. However, since July 26, 2019, Plaintiff is allowed to work with restrictions by Doctors. Despite the fact that Plaintiff has duly forwarded her medical notes to United Medical on a monthly basis and Defendants have clear knowledge of Plaintiff being allowed to work with restrictions, Defendants have failed to provide reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation. Plaintiff is informed and believes that Defendants' refusal to accommodate Plaintiff's physical disability and/or medical condition and to allow Plaintiff to return to work in a new position is in retaliation of her complains made

against Bordeleon, taking and requesting protected medical leave of absence, requesting reasonable accommodations, raising DFEH complaint against Defendants on March 18, 2019, and due to her physical disability and/or medical condition.

**139.**  During her employment, Plaintiff engaged in protected activity under Labor Code Sections §98.6 wherein, she complained to Union members Harris and Pulumbo about Bordeleon and informed them of Bordeleon's inappropriate, harassing, and racist behavior directed towards Plaintiff and that she was embarrassed and humiliated by the same. Furthermore, Plaintiff also submitted a written statement to United Airlines' Human Resource, Hault. The written statement submitted by Plaintiff detailed all the inappropriate behavior directed towards her by Bordeleon.

**140.**  Plaintiff engaged in activity protected under FEHA lodging complaints against Bordeleon where she opposed discrimination and harassment, and by taking and requesting medical leave of absence, raising DFEH complaint against Defendants on March 18, 2019, seeking reasonable accommodations.

**141.**  Defendant subjected Plaintiff to various adverse employment actions including, but not limited to, discrimination, harassment and retaliation because of her race, gender and disability/medical condition, failing to provide Plaintiff with a safe work environment free from racial and sexual harassment, forcing Plaintiff to continue to work with the individuals who were sexually and racially harassing her, and retaliating against Plaintiff by not paying her wages, retaliating against Plaintiff by not providing reasonable accommodation to Plaintiff and/or engage in an interactive process to determine reasonable accommodation, and not allowing Plaintiff to continue employment with United Airlines, *inter alia*.

**142.**  Pursuant to California Labor Code section 98.6, Plaintiff is entitled to recover damages from Defendants for injury suffered as a result of the foregoing retaliation, both economic and non-economic.

**143.** As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

**144.** The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

## ELEVENTH CAUSE OF ACTION
### (Violation of Civil Code Section 43)
### (Against All Defendants)

**145.** The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**146.** This cause of action is asserted against all Defendants.

**147.** Defendants are liable pursuant to Government Code Section 815.2 and 820, Civil Code Sections 1708 and 1714(a), and Civil Code Section 43.

**148.** California Civil Code Section 43, provides that "[b]esides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

**149.** As alleged herein, and in violation of California Civil Code Section 43, Defendants failed to provide a workplace free from violence and bodily harm. Defendants' refusal to take corrective action and provide protection from workplace violence violates the law because Bordeleon, an employee of United Airlines, was acting during the course and scope of employment when he physically charged and attacked Plaintiff, punched her buttocks, struck her on the head and threatened to cause Plaintiff bodily harm. Bordeleon's unlawful conduct was perpetrated as an employee of United Airlines during the course and scope of his employment, making United Airlines vicariously liable for his conduct.

35

**150.** Plaintiff is informed and believes, and thereon alleges, that United Airlines' requirement that Plaintiff work in a workplace with Bordeleon's violent propensities was violative of Section 43 of the California Civil Code.

**151.** As a result of Defendants' conduct, Plaintiff suffered harm.

**152.** As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

**153.** The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

## TWELFTH CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Against All Defendants)

**154.** The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**155.** This cause of action is asserted against all Defendants.

**156.** Defendants are liable pursuant to Government Code Section 815.2 and 820, Civil Code Sections 1708 and 1714(a), and Civil Code Section 52.1.

**157.** Defendants violated Plaintiff's civil rights, guaranteed by the Bane Civil Rights Act, the California Constitution and the laws of the State of California thereby violating California law, including, but not limited to, California Civil Code Section 52.1. The Bane Civil Rights Act prohibits Defendants from interfering with Plaintiff's federal or state constitutional rights by threats, intimidation, or coercion.

**158.** Defendant United Airlines allowed Defendant Bordeleon, to work with Plaintiff and other United Airlines employees, whom he had physically threatened. Defendants knew, or should have

36

known, based on Bordeleon's conduct and interactions with employees, Plaintiff's complaints, and witnesses during the incident that Plaintiff was threatened by Bordeleon with violence and bodily harm alleged herein and in violation of California Civil Code Section 43. Bordeleon's violent conduct was perpetrated as an employee of United Airlines during the course and scope of his employment, making United Airlines vicariously liable for his conduct.

**159.** Defendant United Airlines made the decision to engage in conduct including the retaliation against Plaintiff, failure to properly discipline or stop the conduct as well as the non-payment of wages and retention o fBordeleon.

**160.** As a result of Defendants' conduct, Plaintiff suffered harm.

**161.** As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

**162.** The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant.  These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights.  Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

### THIRTEENTH CAUSE OF ACTION
### (Violation of Civil Code Section 51.7)
### (Against All Defendants)

**163.** The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

**164.** This cause of action is asserted against all Defendants.

**165.** Defendants violated Plaintiff's civil rights, guaranteed by the Ralph Civil Rights Act, the California Constitution and the laws of the State of California thereby violating California law, including,

but not limited to, California Civil Code Section 51.7. The Ralph Civil Rights Act provides protection from hate violence and prohibits violence or threats of violence based on race, color, gender, or position in a labor dispute.

**166.** Defendants knew, or should have known, based on Bordeleon's conduct and interactions with employees, Plaintiff's complaints, and witnesses during the incident that Plaintiff was threatened by Bordeleon with violence and bodily harm alleged herein. Bordeleon's violent conduct was perpetrated as an employee of United Airlines during the course and scope of his employment, making United Airlines vicariously liable for his conduct.

**167.** Defendant United Airlines made the decision to engage in conduct including the retaliation against Plaintiff, failure to properly discipline or stop the conduct as well as the non-payment of wages and retention of Bordeleon.

**168.** Plaintiff suffered discrimination because of her race/color, and gender.

**169.** As a result of Defendants' conduct, Plaintiff suffered harm.

**170.** As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff is entitled to damages, statutory damages, treble damages, civil penalties, attorney's fees and costs and other damages and remedies provided for by Civil Code sections 57.1.

**171.** The above described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages against Defendant in a sum sufficient to punish and deter Defendant's future conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. Loss of earnings, including commissions and bonuses, and back pay;

2. Loss of future earnings (including commissions and bonuses), promotions, opportunities to promote, front pay and all other employment benefits, such as pension rights;

3. All other lost pension, insurance and other employment benefits;

4. Medical, hospital and psychological bills, including past, present and future bills;

5. General damages (pain, suffering, emotional distress and other non-economic damages);

6. Damages for wages not paid according to proof;

7. Compensatory damages according to proof;

8. Restitution and disgorgement for all unlawful and/or unfair business acts and/or practices according to proof;

9. Punitive Damages where applicable;

10. Litigation costs;

11. Attorney's fees;

12. Civil Penalties as authorized by statutes set out herein above;

13. Interest;

14. Damages for increased income tax payments;

15. Personal injuries;

16. Injunctive or declaratory relief where applicable;

17. Any other relief or damages allowed by law, or statutes not set out above and such further relief as the Court deems just and proper at conclusion of trial.

DATED: March 31, 2020            LAW OFFICE OF TWILA S. WHITE


_____
TWILA S. WHITE
Attorney for Plaintiff JON MILLER

# DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: March 31, 2020     LAW OFFICE OF TWILA S. WHITE

_____

TWILA S. WHITE
Attorney for Plaintiff JON MILLER

Electronically FILED by Superior Court of California, County of Los Angeles on 06/01/2020 02:06 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

Michele Haydel Gehrke (SBN 215647)
mgehrke@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mona A. Razani (SBN 312234)
mrazani@reedsmith.com
REED SMITH LLP
355 South Grand Ave
Suite 2800
Los Angeles, CA 90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
United Airlines, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JON MILLER, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, Inc., an Illinois Corporation, DALE BORDELEON an individual; and DOES 1 through 50 Inclusive,<br><br>Defendant. | No.: 20STCV10551<br><br>**DEFENDANT UNITED AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>[ASSIGNED FOR ALL PURPOSES TO HON. MONICA BACHNER, DEPT. 71]<br><br>Compl. Filed:   March 16, 2020<br>FAC Filed:       March 24, 2020 |

Defendant United Airlines, Inc. ("Defendant"), for itself only, responds to the First Amended Complaint filed by Plaintiff Jon Miller ("Plaintiff") as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies, both generally and specifically, each and every allegation, matter or fact contained in the First Amended Complaint and the whole thereof, and further specifically deny that Plaintiff has been injured or damaged in any sum whatsoever or is entitled to any relief in any form, whether legal or equitable, from Defendant.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff.  Defendant reserves the right to amend this Answer to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

## FIRST SEPARATE DEFENSE

### (Failure to State a Claim)

Defendant is informed and believes on that basis alleges that the First Amended Complaint, and each cause of action pleaded, fails to state facts sufficient to constitute a claim upon which any relief may be granted.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations)

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Government Code §§ 12960 and 12965; California Code of Civil Procedure §§ 335.1, 337, 340, 338, 339, 339.1, 229, 340, and 343; and Civil Code §§ 51.7 and 52, and the like.

## THIRD SEPARATE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff failed to exhaust administrative remedies and statutory prerequisites in a complete and timely manner under applicable law including, but not limited to, the California Fair Employment and Housing Act (Government Code §12940 *et seq*.).

**FOURTH SEPARATE DEFENSE**

**(Exceeds Scope of Administrative Charge)**

Defendant is informed and believes on that basis alleges that to the extent Plaintiff filed an administrative charge with any federal or state agency, including, but not limited to, the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, Plaintiff's causes of action are barred in whole or in part to the extent they exceed the scope of the charge(s).

**FIFTH SEPARATE DEFENSE**

**(After-Acquired Evidence)**

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred or mitigated in whole or in part to the extent Defendant discovers evidence after-the-fact that amounts to independent grounds to subject Plaintiff to any adverse employment action.

**SIXTH SEPARATE DEFENSE**

**(Waiver)**

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred in whole or in part by the doctrine of waiver.

**SEVENTH SEPARATE DEFENSE**

**(Laches)**

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred in whole or in part by the doctrine of laches.

**EIGHTH SEPARATE DEFENSE**

**(Unclean Hands)**

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff is guilty of unclean hands.

//
//
//
//

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## NINTH SEPARATE DEFENSE

### (Estoppel)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred in whole or in part by Plaintiff's own improper conduct, acts or omissions and, therefore, she is equitably estopped from recovering on any of her claims for relief.

## TENTH SEPARATE DEFENSE

### (No Injury)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff sustained no injury or damages as a proximate result of any act by or attributable to Defendant.

## ELEVENTH SEPARATE DEFENSE

### (Failure to Mitigate)

Defendant is informed and believes on that basis alleges that Plaintiff is not entitled to back pay and/or other damages to the extent she failed to failed to mitigate her alleged loss of wages and/or other damages.

## TWELFTH SEPARATE DEFENSE

### (Privilege or Justification)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred to the extent any actions and/or omissions attributable to Defendant were at all times privileged or justified.

## THIRTEENTH SEPARATE DEFENSE

### (Legitimate Business Reasons)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred to the extent that any and all conduct Plaintiff complains of or that is attributable to Defendant was undertaken for legitimate, non-discriminatory, non-retaliatory business reasons. Moreover, Defendant is informed and believes on that basis alleges that Defendant's employment practices/policies are lawful because it is necessary to operate safely and efficiently and the employment practices/policies accomplish this purpose.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## FOURTEENTH SEPARATE DEFENSE

### (Management Discretion)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains or that is attributable to Defendant was a just and proper exercise of management discretion undertaken for a fair and honest reason.

## FIFTEENTH SEPARATE DEFENSE

### (Good Faith)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred to the extent that the conduct Plaintiff complains of that is attributable to Defendant was undertaken in good faith and without malice, was a lawful exercise of sound discretion of Defendant's legal rights, and was based on a rational, reasonable consideration of the facts.

## SIXTEENTH SEPARATE DEFENSE

### (No Punitive Damages)

Defendant is informed and believes on that basis alleges that Plaintiff is not entitled to recover any punitive, double or exemplary damages, and any such allegations should be stricken to the extent Plaintiff failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice by an officer, director, or managing agent pursuant to California Civil Code § 3294.

## SEVENTEENTH SEPARATE DEFENSE

### (Unconstitutionality of Punitive Damages)

Defendant is informed and believes on that basis alleges Plaintiff's punitive damage claims are barred and should be stricken to the extent they are unconstitutional under the California and United States Constitutions.

## EIGHTEENTH SEPARATE DEFENSE

### (Conduct of Plaintiff)

Defendant is informed and believes on that basis alleges that Plaintiff's causes of action are barred because Plaintiff's conduct concerning the matters alleged in the First Amended Complaint constitute carelessness, negligence, misconduct, or bad faith, or the Plaintiff was otherwise at fault and any resulting injuries sustained by Plaintiff were proximately caused by the conduct of Plaintiff.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## NINETEENTH SEPARATE DEFENSE

### (Setoff)

Defendant is informed and believes on that basis alleges that without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Defendant alleges it is entitled to offset against any judgment that may be entered against it all amounts previously paid to Plaintiff in worker's compensation, disability, or any other benefits.

## TWENTIETH SEPARATE DEFENSE

### (Spoliation)

Defendant is informed and believes on that basis alleges that to the extent Plaintiff and/or her agents failed to preserve and/or permitted the spoliation of material evidence, such conduct bars Plaintiff from recovering from Defendant and/or makes Plaintiff liable for damages to Defendant.

## TWENTY-FIRST SEPARATE DEFENSE

### (Conduct of Others)

Defendant is informed and believes on that basis alleges that without conceding Plaintiff is owed any amount, and as to all of Plaintiff's causes of action, Defendant alleges it is entitled to offset any judgment that may be entered against it to the extent that other third parties' fault caused or contributed to Plaintiff's damages, if any.

## TWENTY-SECOND SEPARATE DEFENSE

### (Intentional Acts of Others/Superseding Cause)

Defendant is informed and believes on that basis alleges that without conceding Plaintiff is owed any amount, and as to one or more of Plaintiff's causes of action, Defendant alleges that the sole and/or proximate cause of the damages claimed by Plaintiff was due to willful and intentional acts of persons and/or entities other than Defendant.

## TWENTY-THIRD SEPARATE DEFENSE

### (Worker's Compensation Exclusivity)

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action may be barred because Plaintiff's exclusive remedy for such damages is governed by the California Worker's Compensation statutes. Cal. Labor Code §3200 *et seq.*

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY-FOURTH SEPARATE DEFENSE**

**(CBA Preemption)**

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action may be barred in whole or in part by the doctrine of preemption because of Plaintiff's collective bargaining agreement and its incorporated policies.

**TWENTY-FIFTH SEPARATE DEFENSE**

**(Failure to Exhaust Contractual Remedies)**

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action are barred in whole or in part to the extent Plaintiff failed to exhaust the remedies set forth in her collective bargaining agreement because she did not file or fully pursue a grievance with her union.

**TWENTY-SIXTH SEPARATE DEFENSE**

**(RLA Preemption)**

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action may be barred in whole or in part by preemption under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*

**TWENTY-SEVENTH SEPARATE DEFENSE**

**(ADA Preemption)**

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action may be barred in whole or in part by preemption under the Airline Deregulation Act, 49 U.S.C. § 41713 *et seq.*

**TWENTY-EIGHTH SEPARATE DEFENSE**

**(Avoidable Consequences *McGinnis*)**

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's claims for relief is subject to the doctrine of avoidable consequences because Defendant exercised reasonable care to prevent and correct any alleged discrimination or retaliation and Plaintiff unreasonably failed to use Defendant's preventative or corrective measures.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-NINTH SEPARATE DEFENSE

### (No Protected Activity)

Defendant is informed and believes on that basis alleges that Plaintiff's retaliation claims fail because she fails to allege facts sufficient to find that she engaged in protected activity.

## THIRTIETH SEPARATE DEFENSE

### (Self-Defense)

Defendant is informed and believes on that basis alleges that it is not responsible for any alleged harm because Defendant was acting in self-defense.

## THIRTY-FIRST SEPARATE DEFENSE

### (Consent)

Defendant is informed and believes on that basis alleges that Plaintiff consented to and approved all the purported acts and omissions about which Plaintiff now complains.

## THIRTY-SECOND SEPARATE DEFENSE

### (Lack of Jurisdiction)

Defendant is informed and believes on that basis alleges that this action is barred because this Court has no jurisdiction of the subject of the causes of action alleged in the First Amended Complaint.

## THIRTY-THIRD SEPARATE DEFENSE

### (Undue Hardship)

Defendant is informed and believes on that basis alleges one or more of Plaintiff's causes of action fail because Plaintiff's purported accommodations would have created an undue hardship to Defendant's business.

## THIRTY-FORTH SEPARATE DEFENSE

### (Health or Safety Risk)

Defendant is informed and believes on that basis alleges one or more of Plaintiff's causes of action fail because Defendant's conduct was lawful, because even with reasonable accommodations, Plaintiff was unable to perform an essential job duty without endangering her health or safety and/or the health or safety of others.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### THIRTY-FIFTH SEPARATE DEFENSE

#### (No Private Right of Action)

Defendant is informed and believes on that basis alleges one that or more of Plaintiff's causes of action, including but not limited to Plaintiff's Eleventh cause of action, does not confer a private right of action.

### THIRTY-SIXTH SEPARATE DEFENSE

#### (Lack of Knowledge)

Defendant is informed and believes on that basis alleges that one or more of Plaintiff's causes of action may be barred in whole or in part because Defendant lacked knowledge, actual, constructive or otherwise, of any conduct that could give rise to liability against Defendant.

### THIRTY-SEVENTH SEPARATE DEFENSE

#### (No Reasonable Accommodations Sought)

Defendant is informed and believes on that basis alleges that Plaintiff's claims for disability discrimination, failure to reasonably accommodate, failure to engage in the interactive process and violation of the California Family Rights Act are barred, in whole or in part, because reasonable accommodations were neither sought by Plaintiff nor required, and/or were excused by law because they would impose an undue burden or hardship on Defendant.

### THIRTY-EIGHTH SEPARATE DEFENSE

#### (Failure to Participate in the Interactive Process in Good Faith)

Defendant is informed and believes on that basis alleges that Plaintiff's claims for disability discrimination, failure to reasonably accommodate, failure to engage in the interactive process and violation of the California Family Rights Act are barred, in whole or in part, Plaintiff obstructed or otherwise failed to participate in the interactive process in good faith.

### THIRTY-NINTH SEPARATE DEFENSE

#### (Inability to Perform Essential Functions)

Defendant is informed and believes on that basis alleges that Plaintiff's claims for disability discrimination, failure to reasonably accommodate, failure to engage in the interactive process and

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

violation of the California Family Rights Act are barred, in whole or in part, because she was unable to perform the essential duties of her position, with or without reasonable accommodation.

### FORTIETH AFFIRMATIVE DEFENSE

#### (No Disability)

Defendant is informed and believes on that basis alleges that Plaintiff's claims for disability discrimination, failure to reasonably accommodate, failure to engage in the interactive process and violation of the California Family Rights Act are barred, in whole or in part, because she is not and was not a qualified individual with an actual or perceived disability or serious health condition.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Bona Fide Occupational Qualification)

Defendant is informed and believes on that basis alleges some or all of Plaintiff's claims barred because Defendant's purported decisions related to her were based on a bona fide occupational qualification.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Same Decision)

Defendant is informed and believes on that basis alleges that some or all of Plaintiff's claims, including but not limited to Plaintiff's Tenth Cause of Action for Retaliation under Labor Code sections 98.6 and 1102.5, are barred because Defendant would have made its purported decisions for legitimate and independent reasons regardless of Plaintiff's engagement in an alleged protected activity.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (Employment Would Have Ceased)

Defendant is informed and believes on that basis alleges that some or all of Plaintiff's claims, including but not limited to Plaintiff's claims for disability discrimination, failure to reasonably accommodate, failure to engage in the interactive process and violation of the California Family Rights Act are barred, in whole or in part, because Plaintiff's ability to work for Defendant would have been affected for other reasons.

## FORTY-FORTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

Defendant is informed and believes on that basis alleges that  claim for violation of the California Family Rights Act are barred, in whole or in part, because Defendant's purported violations, if any, were not willful.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional defenses so they reserve the right to assert additional defenses if discovery indicates that additional defenses are appropriate.

## PRAYER

WHEREFORE, Defendant pray for relief as follows:

1.      Plaintiff takes nothing and the First Amended Complaint is dismissed with prejudice;

2.      Judgment for Defendant and against Plaintiff on all causes of action;

3.      For costs and reasonable attorneys' fees incurred to defend this action; and

4.      For such other and further relief as this Court deems proper.

DATED:  June 1, 2020

REED SMITH LLP

By: _Michele Haydel Gehrke_

Michele Haydel Gehrke
Mona A. Razani
Attorneys for Defendant United Airlines, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT

1

2 **PROOF OF SERVICE**

3      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

4

5      On June 1, 2020, I served the following document(s) by the method indicated below:

6 **DEFENDANT UNITED AIRLINES, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**

7

8 ☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

9

10

11

12 ☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.  A signed proof of service by the process server or delivery service will be filed shortly.

13

14 ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16 ☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.  A copy of the consignment slip is attached to this proof of service.

17

18 ☐ by transmitting via email to the parties at the email addresses listed below:

19

20 Sheryl L. Marx, Esq.                              *Attorney for Plaintiff*
LAW OFFICES OF JAKE D. FINKEL, APC

21 3470 Wilshire Blvd., Suite 830
Los Angeles, CA 90010

22 Telephone: 213.787.7411

23      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 1, 2020, at Los Angeles, California.

24

25 _____

26 Charlyn Jones

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** JON MILLER vs UNITED AIRLINES,INC , et al.<br><br>**NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | **CASE NUMBER:**<br>20STCV10551 |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  One Legal
Reference Number: 14747218
Submission Number: 20LA02205286
Court Received Date: 06/01/2020
Court Received Time: 2:06 pm
Case Number: 20STCV10551
Case Title: JON MILLER vs UNITED AIRLINES,INC , et al.
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 06/01/2020
Notice Generated Time: 2:10 pm

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: One Legal
Contact: One Legal
Phone: (800) 938-8815

Superior Court of California
County of Los Angeles
,

**Receipt No:** EFM-2020-2049483.1

**Date:**  6/1/20 2:10 PM
**Time:**  6/1/20 2:10 PM

CASE # 20STCV10551
JON MILLER vs UNITED AIRLINES,INC , et

| | |
|---|---:|
| Unlimited Civil- Ans.non-Plaintiff incl. UD- GC70612,70602.5,70602.6 | 435.00 |
| Court Transaction Fee | 1.75 |
| **Case Total:** | 436.75 |

| | |
|---|---:|
| **Total Paid:** | 436.75 |

20LA02205286